UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Ibrahim Olawale BANKOLE,

Petitioner,

v.

Pam BONDI, et al.,

Respondents.

Case No.:  26-cv-1229-AGS-BLM

**ORDER REQUIRING RETURN**

Petitioner Ibrahim Bankole seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

In November 2022, Bankole, a "citizen and national of Nigeria," "arrived in the United States" and "was detained by U.S. Border Patrol." (ECF 1, at 6–7.) After "forty-eight days in immigration custody," Bankole was released "on parole after" his custodians concluded "that he did not pose a danger to the community and did not present a flight risk." (*Id.* at 7.) "After his release," Bankole "consistently complied with all immigration court requirements" and was permitted "to remain at liberty for nearly three years without placing him in immigration detention" while he moved through the immigration court system. (*Id.* at 7–8.) On January 22, 2026, Bankole appeared for "a check-in and information update" and was taken into custody. (*Id.* at 8.) Bankole claims his liberty was

1

"revoked without advance notice, without an opportunity to be heard, and without any individualized determination made before a neutral decisionmaker." (*Id.* at 9.) This loss of liberty, he claims, "violates the Due Process Clause of the Fifth Amendment." (*Id.* at 14.)

This challenge merits an answer. District courts have ordered petitioners released on similar grounds. *See, e.g.*, *Pablo Sequen v. Albarran*, __ F. Supp. 3d. __, No. 25-cv-06487-PCP, 2025 WL 2935630, at *5 (N.D. Cal. Oct. 15, 2025); ("[Petitioners] have demonstrated a likelihood of success on the merits of their claim that the Due Process Clause of the Fifth Amendment entitles them to a hearing before ICE may re-detain them."); *Salazar v. Casey*, No. 25-cv-2784 JLS (VET), 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (granting habeas relief because respondents failed to provide "proper notice, reasoning, and a pre-deprivation hearing," and thus "detained Petitioner . . . in violation of the Due Process Clause"); *Hyppolite v. Noem*, No. 24-cv-4304 (NRM), 2025 WL 2829511, at *7 (E.D. N.Y. Oct. 6, 2025) ("When Respondents placed [petitioner] under arrest without notice and an opportunity to be heard," and "then imprisoned him . . . without a pre-deprivation bond hearing, they violated his established right to procedural due process.").

By **March 3, 2026**, the government must file its return. Any traverse is due **March 4, 2026**, and the Court will hold a hearing on **March 5, 2026, at 10:00 a.m.**

Dated:  February 27, 2026

_____
Hon. Andrew G. Schopler
United States District Judge